09-3649-ag
Liu v. Holder

BIA
Mulligan, IJ
A099 930 506

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of May, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

GUO QIANG LIU,
> *Petitioner*,

v.                                    09-3649-ag
                                      NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
BOARD OF IMMIGRATION APPEALS,
> *Respondents.*

_____

FOR PETITIONER:        Henry Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Guo Qiang Liu, a native and citizen of the People's Republic of China, seeks review of an August 4, 2009, order of the BIA affirming the January 18, 2008, decision of Immigration Judge ("IJ") Thomas Mulligan, which denied Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Qiang Liu* No. A099 930 506 (BIA Aug. 4, 2009), *aff'g* No. A099 930 506 (Immig. Ct. N.Y. City Jan. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An alien who demonstrates past persecution benefits from the presumption that he faces a threat of future persecution for the purposes of both asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). The burden rests firmly with the government to rebut this presumption by showing, by a preponderance of the evidence, either a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the five [protected] grounds . . . upon the applicant's removal" to that country or the reasonable possibility of internal relocation within the country of removal. 8 C.F.R. §§ 1208.13(b)(1)(i)-(ii), 1208.16(b)(1)(i)-(ii). The IJ determined that Liu had suffered past persecution. The BIA did not disagree. The IJ went on to find, however, that Liu "no longer has a well-founded fear because of the long period of time in which he was able to live in China, apparently without incident. In terms of his anticipated problems if he and his wife were to have another child, this is speculative." The BIA agreed, stating, "[Liu] lived safely in China for more than 3 years subsequent to his

2

release from custody on account of his opposition to the population control law.  The Chinese government's failure to take action against him for that extended period is demonstrative of its lack of intention to take additional action if he returns."  Liu's only argument to this court is that at the time of his detention he was threatened with sterilization if he violated the family planning laws. For over three years, however, he was left entirely alone.  The IJ's findings, affirmed by the BIA, are sufficient to rebut the presumption that Liu had a reasonable fear of future persecution.

This Court has held that when an asylum applicant's immediate family members would logically fear persecution on the same grounds as the applicant, but they continue to reside safely in the home country after the alien's emigration, it "cuts against [the applicant's] argument that she has a well-founded fear of persecution." Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir. 1999).  This principle logically applies all the more strongly when it is the alien himself who continues to reside safely in his home country for an extended period of time.[1]

---

[1] Our recent decision in *Kone v. Holder*, 596 F.3d 141 (2d Cir. 2010), is not to the contrary.  There, in contrast to Liu's on-going permanent residence in his home country during which there were no subsequent incidents of persecution,  petitioner Kone had made several return trips to her native country but did not reside there for an extended length of time.  Under those circumstances, this court held in pertinent part:

> While return trips may provide some evidence of a relevant change in circumstances, they do not supply the requisite preponderance of evidence. The government cannot satisfy its burden to demonstrate that [petitioner] will not be threatened simply by showing that she enjoyed periods with no new persecution.

596 F.3d at 150. The obvious distinction between sporadic visits and on-going permanent residence over a three-year period removes the facts of this case from *Kone*'s ambit and

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

the contradistinction further supports the agency's rationale.